JANET M. HEROLD, Regional Solicitor
herold.janet.m@dol.gov
California State Bar Number 243568
BRUCE L. BROWN, Assoc. Reg. Solicitor
brown.bruce.l@dol.gov
Washington State Bar No. 18844
EVAN H. NORDBY, Trial Attorney
nordby.evan@dol.gov
Washington State Bar No. 35937
SUSAN BRINKERHOFF, Trial Attorney
brinkerhoff.susan@dol.gov
District of Columbia Bar No. 460945
Office of the Solicitor, U.S. Dep't of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Phone (206) 757-6762
Fax (206) 757-6761
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of the United States Department of Labor, ) ) ) | |
| ) | Case No.: 13-126 |
| Plaintiff, ) ) | |
| vs. ) ) ) | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |
| A NEW HOPE SOCIAL SERVICES, PLLC, ) an Idaho limited liability company, and ERIN ) YINGER, an individual, ) ) | |
| Defendants. ) | |

1.      Plaintiff SETH D. HARRIS, Acting Secretary of Labor, United States Department

of Labor (the "Acting Secretary" or "Plaintiff"), brings this action pursuant to Section 17,

29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19

(hereinafter "FLSA" or the "Act"), to enjoin Defendants from violating the provisions of

Sections 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C §§ 215(a)(2), (5).

2.      Plaintiff also and separately brings this action:  (1) pursuant to Section 16(c) of

the Act for the recovery of a judgment against Defendants for unpaid minimum wage and

1   overtime compensation due Defendants' employees listed in the attached Exhibit A (and
2   additional employees whose claims become known to Plaintiff) and liquidated damages in an
3   amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest
4   computed on the unpaid wages due.

5        3.     Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of
6   the FLSA, 29 U.S.C. §§ 216(c), 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C.
7   § 1345 (United States as plaintiff).

8        4.     At all times material hereto, Defendant A NEW HOPE SOCIAL SERVICES,
9   PLLC, is and/or was an Idaho limited liability company licensed to do business in Idaho with its
10  principal place of business located at 202 East Anton, Suite 206, Coeur d'Alene, Idaho 83815,
11  within the jurisdiction of this Court, where it is and/or was engaged in the business of providing
12  social services.

13       5.     At all times material hereto, Defendant A NEW HOPE SOCIAL SERVICES,
14  PLLC, is and/or was an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in
15  relation to the employees listed on Exhibit A to the Complaint (and additional employees whose
16  claims become known to Plaintiff).

17       6.     At all times material hereto, Defendant ERIN YINGER is and/or was an owner
18  and director of Defendant A NEW HOPE SOCIAL SERVICES, PLLC, and is and/or was at all
19  relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that she is
20  and/or was a person acting directly or indirectly in the interest of Defendants (employers) in
21  relation to their employees listed on Exhibit A (and additional employees whose claims become
22  known to Plaintiff), and had economic and operational control over Defendant A NEW HOPE
23  SOCIAL SERVICES, PLLC, and its business in the State of Idaho.

24
25

7.     At all times relevant to this Complaint, Defendants employ and/or employed employees in and about their place of business who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

8.     At all times relevant to this Complaint, Defendant A NEW HOPE SOCIAL SERVICES, PLLC, is and/or was an enterprise whose annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level that are separately stated).  By reason thereof, said enterprise at all times relevant to this Complaint is and/or was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

9.     Defendants have violated and/or are violating the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206, 215(a)(2), by paying the employees listed in Exhibit A (and additional employees whose claims become known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, less than the minimum wage for all hours worked.

10.    Defendants have violated and/or are violating the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), by employing the employees listed in Exhibit A (and additional employees whose claims become known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

11.    Defendants have violated and/or are violating the provisions of FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment

1  maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority
2  granted in the Act and published in the Federal Register and known as Title 29, Code of Federal
3  Regulations, Part 516.

4      12.    Defendants violated and/or are violating the monetary provisions of the Act as
5  alleged in paragraphs 9 and 10, and, as a result, Defendants are liable for unpaid minimum wage
6  and overtime compensation and an equal amount in liquidated damages under FLSA § 16(c), 29
7  U.S.C. § 216(c).

8      13.    At all times relevant to this Complaint, Defendants repeatedly violated the above-
9  described provisions of the FLSA.

10     14.    Defendants' violations of the above-described provisions of the FLSA were
11 willful in nature.

12     15.    As a result of the violations of the overtime and minimum wage provisions of the
13 FLSA, there is unpaid overtime and minimum wage compensation due under the FLSA that is
14 being withheld by Defendants;

15     16.    Judgment permanently enjoining and restraining such violations of the FLSA is
16 specifically authorized by FLSA § 17, 29 U.S.C. § 217.

17     17.    Judgment enjoining and restraining any continued withholding of unpaid overtime
18 and minimum wage compensation due under the FLSA is specifically authorized by FLSA § 17,
19 29 U.S.C. § 217.

20     18.    Judgment awarding unpaid back wages due under the FLSA, plus an additional
21 amount as liquidated damages that is equal to the amount of the back wages that accrued under
22 the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

23

24     WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against
25 Defendants as follows:

(1)     For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of FLSA §§ 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 215(a)(2), (5);

(2)     For an Order pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees (including those named in the attached Exhibit A and additional employees whose claims become known to Plaintiff), plus an equal amount in liquidated damages; or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due;

(3)     For an Order awarding Plaintiff his fees and the court costs of action; and

(4)     For an Order granting Plaintiff such other and further relief as may be necessary and appropriate.


DATED this 15th day of March, 2013.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

EVAN H. NORDBY
Trial Attorney

By:  _Susan B_____
     SUSAN BRINKERHOFF
     Trial Attorney

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**

1

**EXHIBIT A**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1. Rhonda Allen
2. Kristina Andrews
3. Danielle Arndt
4. Rachel Batchhelder
5. Susan Broadhead
6. Stacie Collier
7. Marisha Cunliffe
8. Janessa Daum
9. Mary Duram
10. Megan Farris
11. Aimee Gills
12. Noah Grand
13. Michelle Hanson
14. Traci Hauser
15. Heather Holman
16. Brooke Holst
17. Melanie Jones
18. Carly Jost
19. Jaime Keller
20. Danielle Langlitz
21. Heather Lemm
22. Lindsay McKahan
23. Jennifer Mercado
24. Meagan Moering
25. Erica Noble
26. Susan Nyborg
27. Janice Rothmeyer
28. Ryan Sheppard
29. Brook Silver
30. William Sommerfeld
31. Jerome Stevens
32. Paul Vannoy
33. Sara Wenig