JANET M. HEROLD, Regional Solicitor
herold.janet.m@dol.gov
California State Bar Number 243568
BRUCE L. BROWN, Assoc. Reg. Solicitor
brown.bruce.l@dol.gov
Washington State Bar No. 18844
SUSAN SELETSKY, Acting WHD Counsel
seletsky.susan@dol.gov
California Bar No. 176106
EVAN H. NORDBY, Trial Attorney
nordby.evan@dol.gov
Washington State Bar No. 35937
SUSAN BRINKERHOFF, Trial Attorney
brinkerhoff.susan@dol.gov
District of Columbia Bar No. 460945
Office of the Solicitor, U.S. Dep't of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Phone (206) 757-6762
Fax (206) 757-6761
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor, | )<br>)<br>) Case No.: 13-126<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **FIRST AMENDED COMPLAINT FOR**<br>) **VIOLATIONS OF THE FAIR LABOR** |
| A NEW HOPE SOCIAL SERVICES, PLLC, an Idaho limited liability company; ERIN YINGER, an individual; A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES, an Idaho corporation; PAMELA SHUCK-NYGAARD, an individual; & PATRICIA BROOK, an individual, | ) **STANDARDS ACT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

1.     Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19 (hereinafter

-1-

1   "FLSA" or the "Act"), to enjoin Defendants from violating the provisions of Sections 15(a)(2)
2   and 15(a)(5) of the Act, 29 U.S.C §§ 215(a)(2), (5).

3       2.    Plaintiff also and separately brings this action:  (1) pursuant to Section 16(c) of
4   the Act for the recovery of a judgment against Defendants for unpaid minimum wage and
5   overtime compensation due Defendants' employees listed in the attached Exhibit A (and
6   additional employees whose claims become known to Plaintiff) and liquidated damages in an
7   amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment
8   interest computed on the unpaid wages due.

9       3.    Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17
10  of the FLSA, 29 U.S.C. §§ 216(c), 217; by 28 U.S.C. § 1331 (federal question); and by 28
11  U.S.C. § 1345 (United States as plaintiff).

12      4.    At all times material hereto, Defendant A NEW HOPE SOCIAL SERVICES,
13  PLLC, is and/or was an Idaho limited liability company licensed to do business in Idaho with
14  its principal place of business located at 202 East Anton, Suite 206, Coeur d'Alene, Idaho
15  83815, within the jurisdiction of this Court, where it is and/or was engaged in the business of
16  providing social services.

17      5.    At all times material hereto, Defendant A NEW HOPE SOCIAL SERVICES,
18  PLLC, is and/or was an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in
19  relation to the employees listed on Exhibit A to the Complaint (and additional employees
20  whose claims become known to Plaintiff).

21      6.    At all times material hereto, Defendant ERIN YINGER is and/or was an
22  individual doing business in Idaho, within the jurisdiction of this court; and, an owner and
23  director of Defendant A NEW HOPE SOCIAL SERVICES, PLLC, and is and/or was at all
24  relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that she
25  is and/or was a person acting directly or indirectly in the interest of Defendants (employers) in

relation to their employees listed on Exhibit A (and additional employees whose claims become known to Plaintiff), and had economic and operational control over Defendant A NEW HOPE SOCIAL SERVICES, PLLC, and its business in the State of Idaho.

7. At all times material hereto, Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES, is and/or was an Idaho corporation licensed to do business in Idaho with a principal place of business located at 202 East Anton, Suite 206, Coeur d'Alene, Idaho 83815, within the jurisdiction of this Court, where it is and/or was engaged in the business of providing social services.

8. At all times material hereto, Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES, had notice of the violations set forth in this First Amended Complaint; acquired substantial assets of Defendant A NEW HOPE SOCIAL SERVICES, PLLC and continued, without interruption or substantial change, the business operations of Defendant A NEW HOPE SOCIAL SERVICES, PLLC; and did so with the same or substantially the same workforce and supervisory personnel at the same location, with the same or substantially the same fixtures, and for the same or substantially the same clients; and therefore is a successor-in-interest employer to Defendants A NEW HOPE SOCIAL SERVICES, PLLC and ERIN YINGER; and, is and/or was a an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to the Complaint (and additional employees whose claims become known to Plaintiff).

9. At all times material hereto, Defendant PAMELA SHUCK-NYGAARD is and/or was an individual doing business in Idaho, within the jurisdiction of this court; and is and/or was a manager of Defendant A NEW HOPE SOCIAL SERVICES, PLLC, and is and/or was an owner and manager of Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES; and is and/or was at all relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that she is and/or was a

person acting directly or indirectly in the interest of Defendants A NEW HOPE SOCIAL SERVICES, PLLC and A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES in relation to their employees listed on Exhibit A (and additional employees whose claims become known to Plaintiff), and had economic and operational control over Defendant A NEW HOPE SOCIAL SERVICES, PLLC and its business in the State of Idaho; and had economic and operational control over A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES and its business in the State of Idaho, including in its acquisition of the substantial assets of Defendant A NEW HOPE SOCIAL SERVICES, PLLC and continuation, without interruption or substantial change, of the business operations of Defendant A NEW HOPE SOCIAL SERVICES, PLLC, with notice of the violations set forth in this First Amended Complaint, and therefore is a successor-in-interest employer to Defendants A NEW HOPE SOCIAL SERVICES, PLLC and ERIN YINGER.

10. At all times material hereto, Defendant PATRICIA BROOK is and/or was an individual doing business in Idaho, within the jurisdiction of this court; and is and/or was an owner and manager of Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES; and is and/or was at all relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that she is and/or was a person acting directly or indirectly in the interest of Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES in relation to its employees listed on Exhibit A (and additional employees whose claims become known to Plaintiff), and had economic and operational control over Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES and its business in the State of Idaho, including in its acquisition of the substantial assets of Defendant A NEW HOPE SOCIAL SERVICES, PLLC and continuation, without interruption or substantial change, of the business

operations of Defendant A NEW HOPE SOCIAL SERVICES, PLLC, with notice of the violations set forth in this First Amended Complaint, and therefore is a successor-in-interest employer to Defendants A NEW HOPE SOCIAL SERVICES, PLLC and ERIN YINGER..

11. At all times relevant to this Complaint, Defendants employ and/or employed employees in and about their place of business who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

12. At all times relevant to this Complaint, Defendant A NEW HOPE SOCIAL SERVICES, PLLC, is and/or was an enterprise with annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level that are separately stated). By reason thereof, said enterprise at all times relevant to this Complaint is and/or was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

13. At all times relevant to this Complaint, Defendant A BETTER PERSONAL CARE, INC. d/b/a AADVENT COMMUNITY HEALTH SERVICES, is and/or was an enterprise with annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level that are separately stated). By reason thereof, said enterprise at all times relevant to this Complaint is and/or was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

14. Defendants have violated and/or are violating the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206, 215(a)(2), by paying the employees listed in Exhibit A (and additional employees whose claims become known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, less than the minimum wage for all hours worked.

15. Defendants have violated and/or are violating the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), by employing the employees listed in Exhibit A (and additional employees whose claims become known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

16. Defendants have violated and/or are violating the provisions of FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

17. Defendants violated and/or are violating the monetary provisions of the Act as alleged in paragraphs 9 and 10, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation and an equal amount in liquidated damages under FLSA § 16(c), 29 U.S.C. § 216(c).

18. At all times relevant to this Complaint, Defendants repeatedly violated the above-described provisions of the FLSA.

19. Defendants' violations of the above-described provisions of the FLSA were willful in nature.

20. As a result of the violations of the overtime and minimum wage provisions of the FLSA, there is unpaid overtime and minimum wage compensation due under the FLSA that is being withheld by Defendants.

21. Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA § 17, 29 U.S.C. § 217.

22. Judgment enjoining and restraining any continued withholding of unpaid overtime and minimum wage compensation due under the FLSA is specifically authorized by FLSA § 17, 29 U.S.C. § 217.

23. Judgment awarding unpaid back wages due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of FLSA §§ 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 215(a)(2), (5);

(2) For an Order pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants A New Hope Social Services, PLLC; Aadvent Community Health Services; Pamela Shuck-Nygaard; and Patricia Brook liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees (including those named in the attached Exhibit A and additional employees whose claims become known to Plaintiff), plus an equal amount in liquidated damages; or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due;

(3) For an Order awarding Plaintiff his fees and the court costs of action; and

(4) For an Order granting Plaintiff such other and further relief as may be necessary and appropriate.

DATED this 4th day of August 2014.

        M. PATRICIA SMITH
        Solicitor of Labor

        JANET M. HEROLD
        Regional Solicitor

        BRUCE L. BROWN
        Associate Regional Solicitor

        SUSAN SELETSKY
        Acting WHD Counsel

        EVAN H. NORDBY
        Trial Attorney

By:    */s/ Susan Brinkerhoff*
      SUSAN BRINKERHOFF
      Trial Attorney

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**

-8-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of August 2014, I filed the foregoing First Amended Complaint and Exhibit A electronically through the CM/ECF system.

AND I FURTHER CERTIFY that on such date I served the foregoing, as well as the Court's Order of August 4, 2014, on the following via first-class, postage-prepaid mail:

>Erin Yinger
>521 E. 25th Avenue
>Spokane, WA  99203

>__/s/ Susan Brinkerhoff_____
>Susan Brinkerhoff
>U.S. Department of Labor
>Office of the Solicitor
>300 Fifth Avenue, Suite 1120
>Seattle, WA  98104