UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　　　　　　　　　vs.<br><br>A NEW HOPE SOCIAL SERVICES, PLLC, an Idaho limited liability company; ERIN YINGER, an individual; A BETTER PERSONAL CARE d/b/a ADVENT COMMUNITY HEALTH SERVICES, an Idaho Corporation; PAMELA SHUCK-NYGAARD, an individual; and PATRICIA BROOK, an individual.<br><br>　　　　Defendants. | Case No.: 13-126-N-EJL<br><br>**CONSENT JUDGMENT** |

　　　Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants A NEW HOPE SOCIAL SERVICES, PLLC, an Idaho limited liability company; ERIN YINGER, an individual; A BETTER PERSONAL CARE d/b/a ADVENT COMMUNITY HEALTH SERVICES, an Idaho Corporation; PAMELA SHUCK-NYGAARD, an individual; and PATRICIA BROOK, an individual

(collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

I.     LIABILITY

    A.     The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 15(a)(5).

    B.     Defendants acknowledge receipt of a copy of the Secretary's Complaint.

    C.     The Secretary acknowledges receipt of a copy of Defendants' Answer.

    D.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the district court for the District of Idaho.

    E.     Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

    F.     Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

II.     INJUNCTIVE RELIEF

    Therefore, upon motion of the attorneys for the Secretary and for cause shown:

    A.     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to Section 17 of the FLSA, Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, be and hereby are permanently enjoined and restrained from violating the provisions of the FLSA as follows.

    1.     Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce

or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than the applicable federal minimum wage.

    2.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

    3.    Defendants shall treat as compensable all hours worked by employees, including time spent traveling between job sites, writing reports required by the Defendants, and performing any other tasks required by the Defendants.

    4.    Defendants shall make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for Defendants at their current or future worksites, as required by the Act.

    5.    Defendants shall not discriminate and/or retaliate in any way against any employees who file a complaint or cause any proceeding to be instituted under or related to the FLSA.

    6.    Each party shall bear all fees and other expenses (including attorneys' fees and court costs) incurred by such party in connection with any stage of this proceeding to date.

C.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

SO ORDERED.

Dated: **November 12, 2015**

Honorable Edward J. Lodge
United States District Judge

Submitted by:

M. PATRICIA SMITH
Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for Wage/Hour
EVAN H. NORDBY
Senior Trial Attorney
SUSAN BRINKERHOFF
Trial Attorney

_____    10.29.15
United States Department of Labor   Date
Counsel for Plaintiff

Entry of this Judgment is hereby consented to:

_____    8-31-15
ERIN YINGER, individually and for   Date
A NEW HOPE SOCIAL SERVICES PLLC, Defendants
521 E. 25th Ave
Spokane, WA 99203


_____    _____
PAMELA SHUCK-NYGAARD, individually, Defendant   Date


_____    _____
PATRICIA BROOK, individually and for   Date
A BETTER PERSONAL CARE d/b/a ADVENT
COMMUNITY HEALTH SERVICES, Defendants


_____    _____
Kevin P. Holt                       Date
Holt Law Office, PLLC
618 N. 4th Street
Coeur d'Alene, ID 83814
Counsel for Defendants Patricia Brook

```
 1  Submitted by:
 2  M. PATRICIA SMITH
    Solicitor of Labor
 3  JANET M. HEROLD
    Regional Solicitor
 4  SUSAN SELETSKY
    Counsel for Wage/Hour
 5  EVAN H. NOREBY
    Senior Trial Attorney
 6  SUSAN BRINKERHOFF
 7  Trial Attorney
 8  _____          _____
 9  United States Department of Labor               Date
    Counsel for Plaintiff
10
11  Entry of this Judgment is hereby consented to:
12
13
    _____          _____
14  ERIN YINGER, individually and for               Date
    A NEW HOPE SOCIAL SERVICES PLLC, Defendants
    521 E. 25th Ave
15  Spokane, WA 99203
16
    Pamela Shuck Nygaard                            10/29/15
17  _____          _____
    PAMELA SHUCK-NYGAARD, individually, Defendant   Date
18
                                                    10/30/15
19  _____          _____
    PATRICIA BROOK, individually and for            Date
20  A BETTER PERSONAL CARE d/b/a ADVENT
    COMMUNITY HEALTH SERVICES, Defendants
21
22
                                                    10-30-15
23  _____          _____
    Kevin J. Holt                                   Date
24  Holt Law Office, PLLC
    618 N. 4th Street
25  Coeur d'Alene, ID 83814
    Counsel for Defendants Patricia Brook
```

-4-

_[signature]_  8/31/15
Stephen B. McCrea    Date
P.O. Box 1501
Coeur d'Alene, ID 83816
Counsel for Pamela Shuck-Nygaard

-5-